No. 17.—JOHN B. WICK, plaintiff in error, *vs.* JOHN WILLOUGHBY, defendant in arror.

No bond need be given in case of an appeal entered *in forma pauperis*, under the Act of 1842. *Cobb* 501.

Motion to Dismiss Appeal, from Carroll Superior Court. Decision by Judge HAMMOND, October Term, 1856.

When this case was called for trial, counsel for plaintiff below moved to dismiss the appeal, upon the ground that defendant having made the usual affidavit, had entered the appeal in *forma pauperis*, without executing a bond.

The Court sustained the motion, and dismissed the appeal, and to this decision defendant excepted.

G. J. WRIGHT, for plaintiff in error.

CHANDLER, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

This was an appeal, entered under the Act of 1842, (*Cobb*

501,) and dismissed because the party on entering the appeal, failed to give his individual bond; nor would the Court permit him to amend, by executing a bond, *nunc pro tunc.* Was the Court right?

The act provides that, " where the party cast shall be dissatisfied with the decision, and shall be unable to pay cost and give security as now required by law, if such party will make and file an affidavit in writing, that he or she is advised and believes that he or she has a good cause of appeal, and that owing to his or her poverty, he or she is unable to pay the cost and give security as now required by law, in cases of appeal, such party shall be permitted to appeal without the payment of cost, and without giving security as herefore practised in this State."

The only object in giving a bond is, to give the security required by the Act of 1799. This Court has held more than once that the appellant himself need not sign the bond, being bound already by the judgment which as to him is better than his bond. When the Act of 1842 therefore dispenses with giving security, it does in effect dispense with a bond. We think the appeal was good as it stood.

Judgment reversed.